UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY THEIR TRUSTEES JAMES T. CALLAHAN, THOMAS A. CALLAHAN, MICHAEL SALGO and WILLIAM TYSON, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, BY ITS CHIEF EXECUTIVE OFFICER JOSEPH SHELTON, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY ITS PRESIDENT & BUSINESS MANAGER THOMAS A. CALLAHAN ,

Plaintiffs,

-against-

PCI INDUSTRIES CORP.,

Defendant.

---------------------------------------------------------------------------X

**OPINION AND ORDER**

24 Civ. 7943 (JCM)

Presently before the Court is The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO by their Trustees James T. Callahan, Thomas A. Callahan, Michael Salgo and William Tyson, Central Pension Fund of the International Union of Operating Engineers by its Chief Executive Officer Joseph Shelton, and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO by its President and Business Manager Thomas A. Callahan's (collectively, "Plaintiffs") unopposed motion for entry of judgment against PCI Industries Corp. ("Defendant") in the amount of $111,182.63 for failing to abide by the terms of the parties' settlement agreement. (Docket No. 54). For the reasons set forth below, the Court denies Plaintiffs' motion.

## I. BACKGROUND

On October 18, 2024, Plaintiffs commenced this action against Defendant pursuant the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") "to recover fringe benefit contributions owed to employee fringe benefit trust funds and supplemental union dues, defense fund and political action committee payments owed to a labor organization based upon the breach of the terms and conditions of a collective bargaining agreement." (Docket No. 1 ¶ 1). On January 31, 2025, the parties consented to the undersigned for all purposes, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Docket No. 35). On December 3, 2025, the parties informed the Court by letter that they had reached an agreement resolving this action. (Docket No. 49). On December 5, 2025, the parties filed a Stipulation of Discontinuance, which the Court signed. (Docket No. 53).

On August 25, 2026, Plaintiffs filed the instant motion for entry of judgment against Defendant for failing to abide by the terms of the settlement agreement. (Docket No. 54). On September 14, 2026, the Court directed Defendant "to file a response to Plaintiffs' motion by September 21, 2026 or the Court will deem the motion unopposed." (Docket No. 59). Defendant failed to file a response.

## II. DISCUSSION

"Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." *AmTrust N. Am., Inc. v. MBA Network, LLC*, 18 Civ. 6241 (PAE) (RWL), 2020 WL 8609020, at *2 (S.D.N.Y. Dec. 2, 2020) (quoting *LaBarbera v. Dasgowd, Inc*., No. CV–03–1762 (CPS), 2007 WL 1531895, at *2 (E.D.N.Y. May

22, 2007)). To retain jurisdiction to enforce a settlement agreement, a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order. *Id.* "In such cases the district court necessarily ma[kes] compliance with the terms of the [settlement] agreement a part of its order so that a breach of the agreement would be a violation of the order." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (internal quotations omitted). However, "a district court [does] not have jurisdiction to enforce a settlement, after a case had been dismissed, where the court had not manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal." *Scelsa v. City Univ. of New York*, 76 F.3d 37, 41 (2d Cir. 1996) (affirming lower court dismissal for lack of subject matter jurisdiction where court had not expressly retained jurisdiction to enforce the settlement agreement). Moreover, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

Plaintiffs maintain that the "So Ordered" Stipulation of Discontinuance affords Plaintiffs the opportunity to apply to the Court for an entry of judgment. (Docket No. 57 at 3).[1] In support of that position, Plaintiffs point to the provision in the Stipulation of Discontinuance preserving their right to enforce the separately entered-into settlement agreement. (*Id.*). However, the language does not establish that the Court retained jurisdiction to enforce the settlement agreement. The parties' Stipulation of Discontinuance states that the action against Defendant was discontinued "without waiver of [Plaintiffs'] right of enforcement of the separately entered into Settlement Agreement." (Docket No. 53). The mere reference to the settlement agreement

[1] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

in the "So Ordered" Stipulation of Discontinuance does not incorporate the settlement agreement into the order for purposes of retaining jurisdiction. *See Scelsa*, 76 F.3d at 41. Indeed, "the Court did not see the [settlement agreement] until after this case was dismissed, and thus the Court could not have incorporated its terms in the dismissal order." *Shanghai China Garments J & Y Imp. & Exp. Corp. v. Brooks Fitch Apparel Grp.*, No. 11 Civ. 2363 (JCF), 2013 WL 1499378, at *2 (S.D.N.Y. Apr. 11, 2013).[2] Since the "So Ordered" Stipulation of Discontinuance did not expressly retain jurisdiction over the settlement agreement and did not clearly incorporate the terms of the settlement agreement, the Court does not have jurisdiction to enforce the settlement agreement and adjudicate what remains a state contract law claim. *See StreetEasy, Inc.*, 752 F.3d at 305.

Although the Court "did not incorporate the terms of the [settlement agreement] into its Stipulation and Order and did not manifest a clear intent to exercise jurisdiction over future enforcement of the [settlement agreement], the Court might still appropriately exercise jurisdiction over Plaintiffs' Motion if a federal question persists." *Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund ex rel. O'Sick v. DiBernardo Tile and Marble Co.*, No. 1:08–CV–00044 (LEK/RFT), 2012 WL 3508931, at *4 (N.D.N.Y. Aug. 14, 2012). "While the Court is mindful of the federal courts' exclusive jurisdiction over ERISA matters and also of the clear ubiquity of federal issues in Plaintiffs' initial Complaint, the Court concludes that the Motion and the request that the Court enforce the Agreement require a state

[2] To the extent Plaintiffs contend that the Court has an obligation to enforce a settlement agreement it approved, (Docket No. 57 at 3-4), that argument fails for substantially the same reasons. Since the parties did not file the underlying settlement agreement with the Stipulation of Discontinuance, the Court did not (and could not) approve the settlement agreement. *See Bricklayers and Allied Craftworkers Local 2, Albany, New York Pension Fund ex rel. O'Sick v. DiBernardo Tile and Marble Co.*, No. 1:08–CV–00044 (LEK/RFT), 2012 WL 3508931, at *3 n.2 (N.D.N.Y. Aug. 14, 2012) (noting that it is clear that the dismissal order did not incorporate terms of the settlement agreement because the agreement was not submitted to the court before the dismissal order).

law contract analysis and do not implicate the niceties of ERISA." *Id.* (citing *Peacock v. Thomas*, 516 U.S. 349, 358 (1996) (noting that "the alleged wrongdoing in this case took place after the ERISA judgment was entered . . . [and thus,] [o]ther than the existence of the ERISA judgment itself, this suit has little connection to the ERISA case.")). Thus, because Plaintiffs' motion to enforce the settlement agreement does not "require any degree of engagement with ERISA or other federal law," the resolution of this matter falls outside the province of the federal courts and is appropriately resolved as a contract dispute in state court. *Id.* at *5. Plaintiffs remain "at liberty, of course, to pursue enforcement of the Agreement, like any contract, in a state court of competent jurisdiction." *Thurston v. Flyfit Holdings, LLC*, 18 Civ. 9044 (PAE) (SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020).

Accordingly, the Court denies Plaintiffs' motion for entry of judgment.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for entry of judgment is denied. The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 54).

Dated: October 9, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge